### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

In re

**LARRY TODD HUNTER**,

Case No. **14-61404-13**

Debtor.

## MEMORANDUM OF DECISION

At Butte in said District this 6th day of August, 2015.

Pending in this Chapter 13 case are two (2) motions to modify stay filed by creditor 623 Partners, LLC ("623"):  (1) 623's Second Motion to Modify Stay (Document No. 68) to authorize the Montana Nineteenth Judicial Court, Lincoln County, to decide in Cause No. DV-11-94 whether the Debtor is entitled to an offset against 623 under MONT. CODE ANN. § 31-2-340(6); and (2) 623's Third Motion to Modify Stay (Doc. 72) seeking relief from the stay so that 623 can proceed to levy execution on a 24-acre parcel and a 42-acre parcel of real property located in Lincoln County, Montana, owned by the Debtor's parents' trust, as ordered by the state district court and affirmed by the Montana Supreme Court.  A hearing on both motions was held at Missoula on July 9, 2015.  The Debtor filed objections to both motions on the grounds he claims an equitable interest in the subject real property, which he is pursuing in Adversary Proceeding No. 15-00010, and appeared at the hearing in opposition represented by attorney Jon R. Binney ("Binney") of Missoula.  Attorney Dean A. Stensland of Missoula represented 623.  No testimony or exhibits were admitted.  The Court heard argument of counsel, then took both motions under advisement.  After review of the record and applicable law, for the reasons set forth below both of 623's Motions to Modify Stay will be granted by separate Order.  Adversary

1

No. 15-10 will be held in abeyance pending a final decision by the Montana state courts on the Debtor's offset issue.

This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a). The Second and Third Motions to Modify Stay filed by 623 are core proceedings under 28 U.S.C. § 157(b)(2).

## FACTS

The underlying facts are not in dispute and may be gleaned from the record. At Debtor's request the Court took judicial notice of Adv. 15-10. Under Rule 201, Fed. R. Evid., courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *see Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial systems, if those proceedings have a direct relation to matters at issue.'", quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)). A court also can take judicial notice of papers filed in related litigation, *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997), and papers filed in an underlying bankruptcy case are subject to judicial notice in related adversary proceedings. *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989). Counsel for both parties did not dispute the status of state court litigation at the hearing.

An unpublished decision by the Montana Supreme Court entered on October 21, 2014, in cause No. DA 13-0847, brought by 623 against the Debtor Larry Todd Hunter ("Todd" or "Debtor"), his mother Glenda Hunter ("Glenda") individually and as trustee of his parents' trust

The R. Larry Hunter and Glenda Hunter Montana Revocable Trust (the "Trust"), supplies the relevant facts. Debtor's parents' development company purchased 112 acres in Lincoln County, Montana, including a 24-acre parcel, a 27-acre parcel and a 42-acre parcel. The parents transferred the property from their company to their own names.

Todd built a house on the 42-acre parcel at 541 Buckin Mule Trail in Fortine, Montana, and began living there with his family by the end of 2006. Todd contends that he increased the value of the 42-acre parcel by at least $500,000 in improvements and therefore has an equitable interest in that parcel in that amount.

Todd's parents formed their Trust in 2007 and conveyed the Lincoln County property to the Trust. The Trust conveyed the Montana property to Todd through a warranty deed in 2008. 623 sued the parents' development company and Todd's father as guarantor, and obtained a $1.2 million judgment against them in 2011.

In 2011, 623 filed suit against Todd, his mother and the Trust in the Montana Nineteenth Judicial District Court, No. DV-11-94, seeking to set aside fraudulent transfers, including the transfer of the 42-acre and 24-acre parcels to Todd, in order to recover on its judgment. The state district court granted 623's motion for summary judgment, concluding that the 42-acre parcel and 24-acre parcels were subject to 623's writ of attachment. The Montana Supreme Court affirmed, and concluded in an unpublished decision on October 21, 2014,[1] that the 2008 transfer of the Montana property to Todd was a fraudulent transfer and that the Montana property, including the 42-acre parcel and 24-acre parcel, was subject to execution by 623. The court found that the district court did not err in granting 623 summary judgment against Todd in the amount of

---

[1]The decision is at 2014 WL 5363965 and Doc. 72-3.

$230,000. That decision now is final and has preclusive effect. The Montana Supreme Court did not immediately decide Todd's claim of homestead exemption in the 42-acre parcel and remanded for further proceedings on the homestead exemption issue.

The homestead exemption issue was submitted in DV-11-94 on 623's motion for summary judgment and Debtor's motion for orders on his claim of exemption and claim for offset based on MCA § 31-2-340(6). A hearing on those matters was scheduled to be held, but was stayed when Todd filed a voluntary chapter 13 petition on December 24, 2014, with his Schedules and Statement of Financial Affairs.

On Schedule A the Debtor listed the 42-acre parcel at 541 Buckin Mule Trail as his property by "fee interest" with a current value of $600,000, for which he recorded a declaration of homestead in 2011. He did not list a homestead exemption on his original Schedule C, but added a homestead exemption later by amendment. Schedule D lists 623 as a creditor with a claim in the amount of $230,000 secured by the 42-acre parcel at 541 Buckin Mule Trail.

On January 14, 2015, 623 filed its first motion to modify stay seeking relief to allow the state district court in DV-11-94 to decide Todd's claim of homestead exemption in the 42-acre parcel. Debtor objected, and after a hearing held on March 5, 2015, this Court entered an Order (Doc. 44) granting 623's motion and authorized 623 to proceed in DV-11-94 to a final decision solely on the issue of whether the Debtor is entitled to a homestead exemption in the 42-acre parcel. The Court kept the automatic stay in place with respect to other actions, including sales of property, until 623 filed additional motions for further relief from the stay. The Second and Third Motions to Modify Stay filed by 623 seek additional relief.

On or about April 14, 2015, the court in DV-11-94 entered its decision on the homestead.

4

Doc. 68-1; 72-1.  The court denied Todd's motions and granted 623's motion for summary judgment.  The court disagreed that Todd was the rightful owner of the 42-acre parcel when he recorded his homestead exemption and wrote that the 42-acre parcel "cannot be chosen for his homestead exemption, because it is not and never has been his property; and therefore that Todd "is not eligible for the homestead exemption."  The court denied Todd's motion to claim the homestead exemption.  Doc. 68-1, p. 6.  As a result, at the hearing held on July 9, 2015, Debtor's attorney Binney conceded that no transfer occurred of the 42-acre parcel to Todd from his parents.  Debtor and 623 filed a stipulation to modify stay (Doc. 76) to permit 623 to participate in Todd's appeal of the state court's denial of his homestead exemption.  The Court approved that stipulation, and no status report has been filed to date advising the Court of the status of Debtor's appeal of the homestead.

Debtor initiated Adv. 15-10 on April 17, 2015, seeking a declaratory judgment that he has a $500,000 equitable interest in the 42-acre parcel because of the improvements he made.  A motion to dismiss based upon Fed. R. Civ. P. 12(b)(6) for failure to state a claim filed by 623 was denied.  In its answer 623 denied any liability to Debtor for an equitable interest.

On April 28, 2015, 623 filed its pending Second Motion to Modify Stay requesting relief, based on the state court's denial of Debtor's claim of homestead exemption, to authorize the state district court to proceed to decide Todd's pending offset claim based on § 31-2-340(6).  Counsel for 623 informed the Court at the hearing that the offset issue has been fully briefed by the district court in DV-11-94, and that matter is ready for hearing and a decision if the stay is lifted as requested.  Debtor's attorney did not dispute that description of the status of the offset issue at the hearing.

623's Third Motion to Modify Stay filed on April 30, 2015, seeks relief from the stay so that 623 can proceed to levy execution on the 24-acre parcel and the 42-acre parcel of real property now that the state district court has denied the Debtor's claim of homestead exemption. Debtor filed objections to both 623's Second and Third Motions to Modify Stay, contending in both objections that he has appealed the district court's decision on the Debtor's homestead exemption to the Montana Supreme Court, the issue is the subject of Adv. 15-10, and asserting Debtor's alleged improvements to the 42-acre parcel which increased its value and entitles the Debtor's estate to an equitable interest in the property.

## DISCUSSION

Both of 623's Motions to Modify Stay are based upon 11 U.S.C. § 362(d)(1) for "cause," and § 362(d)(2) which requires that the debtor does not have an equity in the subject property and such property is not necessary to an effective reorganization. Except for the issue of the Debtor's equity in the property, in a proceeding on a motion to modify the automatic stay the Debtor has the burden of proof to show that the stay should not be modified or annulled. *In re Farmer*, 257 B.R. 556, 559 (Bankr. D. Mont. 2000); *In re Interstate Distrib. Co., Inc.*, 13 Mont. B.R. 86, 90 (D. Mont. 1993); *In re Nat'l Envtl. Waste Corp.*, 191 B.R. 832, 836 (Bankr. C.D. Cal. 1996), *aff'd*, 129 F.3d 1052 (9th Cir. 1997).

As a result of the decision by the Montana Supreme Court in No. DA 13-0847 on October 21, 2014, the 2008 transfer of the 42-acre parcel and the 24-acre parcel from the Trust to Todd was avoided as a fraudulent transfer and the property revested in the Trust. The state district court later explicitly held that Todd "was never the rightful owner of the property . . . . The only rightful owner of the property has been and is the Trust." Doc. 68-1, p. 3. The Debtor has

appealed the decision denying his homestead, but the decision revesting the 42-acre parcel in the Trust is final.

The test in Montana for collateral estoppel or issue preclusion is stated in *In re Estates of Swanson*, 2008 MT 224, ¶ 16, 344 Mont. 266, 187 P.3d 631:

> (1) the issue decided in the prior adjudication is identical with the one presented in the action in question;
> (2) there was a final judgment on the merits; and
> (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication;.

*See also Safeco Inc. Co. of Am. v. Liss*, 2000 MT 380, ¶¶ 45, 46, 48, 51, 303 Mont. 519, ¶¶ 45, 46, 48, 51, 16 P.3d 299, ¶¶ 45, 46, 48, 51.

The Montana Supreme Court's decision revesting the property in the Trust, including the 42-acre parcel, is a final decision on the merits of the ownership of the 42-acre parcel. The issue decided by the state courts that the Debtor has no ownership interest in the 42-acre parcel is identical to the issue of Debtor's equity in the 42-acre parcel. If the Debtor has no ownership interest, then he can have no equity in the property. The Debtor is a defendant in DV-11-94. Thus, 623 has satisfied its burden under § 362(g) to show that the Debtor does not have any equity in the 42-acre parcel and the burden is on the Debtor to show that the stay should not be modified. This Court decides that the Debtor has not satisfied his burden.

Relief from stay proceedings are handled in a summary fashion. The Ninth Circuit Bankruptcy Appellate Panel explained:

> Relief from stay proceedings such as the one brought by Wells Fargo are primarily procedural; they determine whether there are sufficient countervailing equities to release an individual creditor from the collective stay. One consequence of this broad inquiry is that a creditor's claim or security is not finally determined in the relief from stay proceeding. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738,

> 740–41 (9th Cir.1985) ( "Hearings on relief from stay are handled in a summary
> fashion. The validity of the claim or contract underlying the claim is not litigated
> during the hearing."); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st
> Cir.1994) ("We find that a hearing on a motion for relief from stay is merely a
> summary proceeding of limited effect...."); *First Fed. Bank v. Robbins (In re
> Robbins)*, 310 B.R. 626, 631 (9th Cir. BAP2004).

*Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914 (9th Cir. BAP 2011).

A party seeking relief need only establish that it has a colorable claim to enforce a right against property. *In re Edwards*, 454 B.R. 100, 105 (9th Cir. BAP 2011), citing *Veal*. 623 must first establish a prima facie case that cause exists for relief under § 362(d)(1). *United States v. Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the Debtor to show that relief from the stay is not warranted. *Id.* Based upon the decision of the Montana Supreme Court revesting the Montana property in the Trust subject to execution by 623 on its final judgment, Doc. 72-3, this Court concludes that 623 has established a colorable claim and a prima facie case that cause exists to lift the stay under § 362(d)(1) both to allow 623 to proceed with levy on execution of its judgment against the 24-acre parcel and the 42-acre parcel, as requested in its Third Motion to Modify Stay, and to return to state district court in DV-11-94 for a decision on the Debtor's claim for an offset as requested in its Second Motion.

The Debtor argues that he is entitled to an equitable interest in the property based upon the $500,000 in improvements he made to the 42-acre parcel, which is the subject of Adv. 15-10, and in which he argues this Court has jurisdiction. However, the Debtor's contentions of ownership of the 24-acre parcel and the 42-acre parcel have been decided by state court decisions

which are now final and have preclusive effect.  He has no ownership interest in the Montana property.

Further, both Debtor's offset claim based on § 31-2-340(6) and his claim of an equitable interest are claims based on state law, not bankruptcy law.  After the United States Supreme Court's decision in *Stern v. Marshall*, __ U.S. __, 131 S.Ct. 2594, 2620, 180 L.Ed.2d 475 (2011), bankruptcy courts lack constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process on ruling on a creditor's proof of claim.  In the instant case a ruling on 623's proof of claim is not currently before this Court.  Todd's offset claim based on Montana statute is pending before a state district court, fully briefed, waiting for relief from the stay to proceed to decision.  Debtor argues that the property is subject to his claim for an equitable interest in Adv. 15-10, but legal ownership of the property is not at issue in Adv. 15-10, only Debtor's equitable interest, if any, is.  If the Debtor prevails in Adv. 15-10 he would be awarded a money judgment in some amount.  A decision regarding ownership interests is not properly pleaded and is not contemplated in Adv. 15-10.

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay.  *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003).  A decision to lift the automatic stay for cause under § 362(d) is within a bankruptcy court's broad discretion and subject to review for an abuse of discretion.  *Groshong v. Sapp (In re Mila, Inc.)*, 423 B.R. 537, 542 (9th Cir. BAP 2010); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

Granting relief from the automatic stay returns the parties to the legal position which they

9

enjoyed prior to the imposition of the stay. *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D. Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993). Thus, while the Court has flexibility in determining whether to grant 623's Second and Third Motions to Modify Stay, by granting its Motions the Debtor retains whatever claims, defenses and remedies which he may have against 623 in a nonbankruptcy forum.

The Court agrees with 623's counsel that granting its Motions is the better way to prod this Chapter 13 case forward. Adv. 15-10 is in the pretrial stage, with a scheduling conference set for September 2, 2015. By contrast, the offset issue in DV-11-94 awaits only relief from the stay for the state court to proceed with a hearing and decision, for which there is only a single level of appeal available in state court. While final decisions of the state court will not likely be the subject of claim preclusion, it is possible that additional issue preclusion may result from the state court proceedings, simplifying and clarifying the remaining issues to be decided in Adv. 15-10. For that reason, in the interest of judicial economy this Court will hold Adv. 15-10 in abeyance pending a final decision on the offset issue in DV-11-94.

Confirmation of Debtor's Chapter 13 Plan has been continued to September 3, 2015. As currently drafted, Debtor's Plan (Doc. 10) proposes to sell his residential real property at "5641 Buckin Mule Trail" to pay his secured creditors in full. The final decision of the Montana Supreme Court holds that the Debtor has no ownership interest in the 42-acre parcel on which 541 Buckin Mule Trail is located, so Debtor's Plan likely cannot be confirmed as currently proposed. Granting relief from the stay at this point precludes the need to decide confirmation of a nonconfirmable plan.

**IT IS ORDERED** Debtor's objections are overruled; and a separate Order will be

entered granting 623's Second Motion to Modify Stay , filed on April 28, 2015 (Doc. 68), and

granting 623's Third Motion to Modify Stay filed on April 30, 2015 (Doc. 72).

**IT IS FURTHER ORDERED** a separate Order shall be entered in Adv. 15-10 holding

that adversary proceeding in abeyance pending future Order.


Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge